69 F.3d 553
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John T. BANDY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7049.
 United States Court of Appeals, Federal Circuit.
 Oct. 5, 1995.
 
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss John T. Bandy's appeal for lack of jurisdiction. Bandy opposes.
 
 
 2
 Bandy served on active military duty from August 1950 until May 1952. Bandy was denied service connection for the residuals of poliomyelitis in 1953. Bandy asked that his claim be reopened in 1955, 1974, 1978, 1980, 1982, 1984, and 1993. Some of these requests were denied and some were granted, but the underlying claim was always denied. In its 1993 decision, the Board determined that Bandy had failed to present new and material evidence in support of his claim. The Court of Veterans Appeals summarily affirmed the Board's decision, concluding that the evidence was "cumulative of information already considered by the [Board]" and "not probative medical evidence." This appeal followed.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section provides that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his response, Bandy argues that because the Court of Veterans Appeals considered the legal question of whether the evidence submitted was new and material, this court has jurisdiction to review the veterans court's decision. However, in Livingston v. Derwinski, 959 F.2d 224, 226 (Fed. Cir. 1992), we specifically held that we do not have jurisdiction to review all legal questions, only those involving the validity of a statute or a regulation or the interpretation of a constitutional or statutory provision or a regulation relied on by the Court of Veterans Appeals in its decision. In this case, Bandy does not challenge the validity of a statute or a regulation and the Court of Veterans Appeals did not interpret a constitutional or statutory provision or a regulation. This court, therefore, does not have jurisdiction to review the veterans court's decision and this appeal must be dismissed.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.